[Cite as *State v. Barefield*, 2023-Ohio-115.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-09-117 |
| | : | O P I N I O N |
| - vs - | | 1/17/2023 |
| | : | |
| ANTHONY BAREFIELD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-02-0188

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.

**BYRNE, J.**

{¶1} Anthony Barefield appeals from his sentence in the Butler County Court of Common Pleas. For the reasons discussed below, we affirm the sentence.

**I. Relevant Facts and Procedural History**

{¶2} In February 2010, a Butler County grand jury indicted Barefield on one count of aggravated robbery, with a gun specification, and one count of having weapons under

disability. Both charged offenses were felonies. The matter proceeded to a jury trial. The jury returned guilty verdicts on both counts.

{¶3} The court entered the jury verdicts, convicted Barefield, and sentenced him to seven years in prison on the aggravated robbery count, and to an additional three years on the gun specification. The court ordered Barefield to serve the aggravated robbery and gun specification sentences consecutively. The court imposed a five-year prison term on the weapons under disability count. The court ordered Barefield to serve this term concurrently with the aggravated robbery conviction.

{¶4} Barefield directly appealed to this court. Barefield's appointed counsel filed an *Anders* brief, requesting to withdraw. We dismissed the appeal, agreeing that the appeal was wholly frivolous. *State v. Barefield*, 12th Dist. Butler No. CA2010-07-184, 2011-Ohio-2209, ¶ 3.

{¶5} In 2018, Barefield moved for judicial release pursuant to R.C. 2929.20. The trial court granted judicial release several months later. In its entry granting judicial release, the court imposed a five-year term of community control supervision. The court stated in the entry granting judicial release that a violation of community control would result in "a more restrictive sanction, a longer sanction, or a prison term of the balance of defendant's original sentence."

{¶6} In May 2021, the Butler County Adult Probation Department ("Butler Probation") filed a notice of violation with the common pleas court. In the notice, Butler Probation alleged that Barefield failed to report to Butler Probation and had therefore violated the terms of his judicial release.

{¶7} Following a hearing, a magistrate found probable cause that Barefield had violated the conditions of his community control supervision. Accordingly, the matter was set for a revocation hearing. A hearing ensued. The court subsequently found that

Barefield had violated community control. Despite the violation, the court ordered Barefield to continue community control with the following condition: "Zero tolerance."

{¶8} In July 2021, Butler Probation filed a second notice of violation. Butler Probation alleged that Barefield had violated community control after law enforcement charged him with operating a vehicle while intoxicated ("OVI") and that the case remained pending.

{¶9} Two days later, Butler Probation filed an amended notice of violation indicating that a court had convicted Barefield of reckless operation of a motor vehicle, a first-degree misdemeanor. This conviction was in the same case in which Barefield was charged with OVI.

{¶10} Following a hearing, a magistrate again found probable cause to conclude that Barefield had violated the conditions of his community control sanction and set the matter for a revocation hearing.

{¶11} Barefield failed to appear for the revocation hearing and the court issued a capias warrant for his arrest. Subsequently, the Butler County Sheriff's Office served the capias warrant and Barefield appeared for a revocation hearing in September 2021.

{¶12} At the hearing, Barefield admitted to the conviction for reckless operation. The court accepted the admission and found that Barefield violated the terms of his judicial release. The court then heard arguments from Barefield's attorney and allowed Barefield to personally plead his case. After hearing the arguments, the court stated that it was revoking judicial release and reimposing the original prison sentence.

{¶13} The court subsequently issued an amended entry revoking community control and reimposing the original prison terms imposed on both counts and granting Barefield credit for 3,149 days he had previously served. Barefield appealed.

## II. Law and Analysis

{¶14} On appeal, Barefield raises the following sole assignment of error:

{¶15} THE SENTENCE IMPOSED IS NOT SUPPORTED BY THE RECORD AND VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

{¶16} Barefield argues that the trial court erred, and his sentence is contrary to law, because the grounds for revocation of judicial release were the result of a "de minimis traffic violation" and that he had not been charged with any felony. He argues various facts suggest he was more deserving of remaining free, including that he had obtained employment and had a family and was raising children. Barefield bases his entire argument on the assumption that we are required to review the trial court's decision to reimpose his original prison sentence under R.C. 2953.08(G)(2).

{¶17} It is well-established that we review felony sentences pursuant to that statue. R.C. 2953.08(G)(2) ("The court hearing an appeal under division (A) * * * of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court."); R.C. 2953.08(A) ("a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant * * *."); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 (referring to R.C. 2953.08(G)(2) as establishing "the standard of review that appellate courts must apply when reviewing felony sentences"). And R.C. 2953.08(G)(2) applies to our review of a trial court's *community control sentence* imposed for a violation of a felony criminal statute. *State v. Roberts*, 12th Dist. Butler No. CA2019-02-025, 2019-Ohio-4205, ¶ 5; *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 9.

{¶18} R.C. 2953.08(G)(2) also expressly governs an appellate court's review of a trial court's decision to grant *judicial release* under R.C. 2929.20. R.C. 2953.08(B)(3)

(authorizing a prosecutor to appeal "a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree"); and 2953.08(G)(2)(a) (providing that appellate court may increase, reduce, otherwise modify, or vacate and remand for resentencing a sentence if it clearly and convincingly finds "[t]hat the record does not support the sentencing court's findings under * * * division (I) of section 2929.20 of the Revised Code* * *").

{¶19} But this case does not require us to review a prison sentence imposed for a felony violation, a community control sentence imposed for a felony violation, or a trial court's decision to grant judicial release. Instead, we are asked to review a trial court's decision *revoking community control imposed after judicial release*, and ordering Barefield to complete the prison sentence that was previously reduced by judicial release.

{¶20} The trial court's decision to do so was made pursuant to R.C. 2929.20(K). That statute provides that a court that grants judicial release "shall place the eligible offender under an appropriate community control sanction," and "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." The statute further states that "If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." *Id.*

{¶21} While R.C. 2953.08(G)(2) specifically refers to review of a challenge to judicial release granted under R.C. 2929.20(I), R.C. 2953.08(G)(2) makes no reference to revocation of community control and reimposition of a prison sentence after judicial release pursuant to R.C.2929.20(K). Despite this silence, Barefield seems to assume that because this case involves community control, it should be reviewed by us pursuant to R.C. 2953.08(G)(2) like an appealed community control sentence imposed under R.C. 2929.15, the community control sentencing statute.

**{¶22}** The state disagrees. The state argues that community control sentences imposed as original sentences for violation of a criminal statute under R.C. 2929.15 are different from the situation at issue here, where an offender was originally given a *prison sentence* for violation of a criminal statute, and only received community control pursuant to R.C. 2929.20(K) *after* receiving judicial release from that prison sentence.

**{¶23}** We agree that this distinction is important. "It is well established that the rules applicable to a violation of an original sentence of community control under R.C. 2929.15 should not be confused with the provisions applicable to judicial release under R.C. 2929.20 even though 'R.C. 2929.20(K) confusingly uses the term "community control" in reference to the status of an offender granted judicial release.'" *State v. Lammie*, 3d Dist. Crawford No. 3-21-12, 2022-Ohio-419, ¶ 10, quoting *State v. Owens*, 3d Dist. Crawford No. 3-19-16, 2020-Ohio-5573, ¶ 23, n.2. As the Third District has explained:

> The difference between R.C. 2929.15 and 2929.20 is that under R.C. 2929.15, the defendant's original sentence is community control, and he or she will not receive a term of incarceration unless he or she violates the community control sanctions. By contrast, when a defendant is granted judicial release, he or she has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction. Should the defendant violate the terms of the community control sanctions while on judicial release, the trial court may reimpose the remainder of the original sentence.

(Citations omitted.) *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7.

**{¶24}** Our court has not addressed the question of what standard of review applies to our review of a trial court's revocation of community control and reimposition of a prison sentence under R.C. 2929.20(K). However, as the state correctly points out, those courts of appeals that have directly addressed this question have held that a trial court's R.C. 2929.20(K) decision is to be reviewed under an abuse-of-discretion standard, not under the

R.C. 2953.08(G)(2) standard. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22 ("The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C. 2929.20(K) will not be disturbed absent an abuse of discretion"); *State v. Woody*, 6th Dist. Ottawa No. OT-21-007, 2021-Ohio-3861, ¶ 18 (noting that it is well-settled that an appellate court reviews the trial court's decision to revoke community control under an abuse-of-discretion standard); *State v. Sanchez*, 8th Dist. Cuyahoga No. 109673, 2021-Ohio-1593, ¶ 16, quoting *Alexander* at ¶ 22 ("'A trial court's decision finding a violation of judicial release will not be disturbed on appeal absent an abuse of discretion'"). Our research revealed only one court, the Fourth District Court of Appeals, which applied R.C. 2953.08(G)(2) when reviewing a trial court's R.C. 2929.20(K) revocation and reimposition decision, rather than an abuse-of-discretion standard. *State v. King*, 4th Dist. Lawrence No. 19CA10, 2020-Ohio-1512, ¶ 7-9, 16.

{¶25} We agree with the courts that have held that an abuse-of-discretion standard applies to a trial court's decision under R.C. 2929.20(K) to revoke community control and reimpose a prison sentence. We reach this conclusion based on the text of R.C. 2953.08(G)(2) and R.C. 2929.20(K). First, as mentioned above, R.C. 2953.08(G)(2) refers to appellate review of R.C. 2929.20(I), which concerns judicial release findings, but does not refer to R.C. 2929.20(K), which concerns revocation of community control after judicial release. Second, the text of R.C. 2929.20(K) states that when a trial court grants judicial release, the court "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." By stating that a court shall reserve "the right" to impose the original, pre-judicial release prison sentence, the statute suggests that the trial court has the option of reimposing that prison sentence. This conclusion is bolstered by the next sentence in the statute, which states that in reimposing a pre-judicial release prison term a

court "*may*" reimpose that sentence either concurrently with or consecutive to "any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." (Emphasis added.) *Id.* There are therefore two bases in the statutory text for concluding that a trial court has discretion under R.C. 2929.20(K) to revoke community control and reimpose the original, pre-judicial release prison sentence when an offender violates community control after judicial release. When a statute confers discretion on a trial court, we review the trial court's decision for an abuse of discretion. *See Dill v. Dill*, 3d Dist. Logan No. 8-08-02, 2008-Ohio-5310, ¶ 10 (noting that court findings pursuant to discretionary—not mandatory—language in a statute, are reviewed under an abuse-of-discretion standard). So too here.

{¶26} Having determined that we are to apply an abuse-of-discretion standard of review, we turn to the specifics of this appeal. Here, Barefield does not argue that the trial court abused its discretion, and it is not our place to formulate legal arguments on his behalf. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 19 (holding that appellate courts are not obligated to search the record or formulate legal arguments on behalf of the parties). However, even if we construe Barefield's argument in his appellate brief as constituting an abuse-of-discretion argument, we do not find that the trial court abused its discretion. Barefield argues that the "facts simply do not support a sentence of incarceration" because he was convicted of "a de minimis traffic violation" as opposed to a more serious violation, because neither the public nor Barefield will be served by his incarceration, because Barefield was "gainfully employed" and "was working to pay supervision fees and other costs," and because he was raising his children and had the support of his family. This argument is misguided in several respects. First, the trial court revoked Barefield's community control and reimposed his original prison sentence after he was convicted of reckless operation of a motor vehicle in a case in which he was originally

charged with operating a vehicle while intoxicated. Concerning his conviction, Barefield admitted at the revocation hearing that he drank alcohol and drove. In these circumstances it is certainly not true that Barefield's reckless operation of a motor vehicle was "a de minimis traffic violation." Barefield put other peoples' lives at risk when he chose to drink and drive. When combined with Barefield's failure to report to Butler Probation and his failure to appear for the originally scheduled date of the revocation hearing, we cannot say that the trial court abused its discretion in revoking community control and reimposing Barefield's original sentence. This is especially true here, where the trial court already gave Barefield a "second chance" after his first community control violation and informed him that going forward the court would have "zero tolerance" for further violations. For these reasons, we overrule Barefield's first assignment of error and affirm Barefield's sentence.

{¶27} We note that the Ohio Supreme Court has not addressed the standard of review applicable in a case like this one. Even if the Ohio Supreme Court were to find that we should have applied R.C. 2953.08(G)(2) in this case, our conclusion would be the same. R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under certain listed statutes—specifically, R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I)—or that the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where a trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶28} In support of his R.C. 2953.08(G)(2) argument, Barefield does *not* contend that the court (1) failed to consider the principles and purposes of R.C. 2929.11 or the

factors listed in R.C. 2929.12, (2) failed to properly impose postrelease control, or (3) failed to sentence him within the permissible statutory ranges. Additionally, Barefield does not challenge any aspect of the court's decision finding that he violated the terms of his judicial release. Barefield only argues that he should not have been sent back to prison. This argument fails under R.C. 2953.08(G)(2).

{¶29} The record reflects that the trial court's decision to revoke Barefield's judicial release and reimpose the original sentence was not clearly and convincingly contrary to law. The court indicated that it had considered the appropriate statutory factors, properly imposed postrelease control, and sentenced Barefield within the permissible statutory range. Nor was the trial court's decision unsupported by the record. Barfield has set forth no grounds to permit this court to consider modifying or vacating the sentence on appeal. *Marcum*, 2016-Ohio-1002 at ¶ 1; *Ahlers* at ¶ 8.

{¶30} Lastly, we note that the language of Barefield's assignment of error suggests that he is also challenging his sentence on constitutional grounds. However, Barefield presents no arguments in the body of his brief concerning how his sentence violated the Eighth Amendment prohibition on cruel and unusual punishment.

{¶31} App.R. 12(A)(1)(b) provides that we must determine an appeal on its merits on the assignments of error set forth in the briefs under App.R. 16. In turn, App.R. 16(A)(7) obligates the appellant to include within his or her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Because Barefield

has not separately argued any constitutional issue concerning his sentence, we do not address the issue. *See State v. Constable*, 12th Dist. Clermont No. CA2006-12-107, 2007-Ohio-6570, ¶ 5-8.

### III. Conclusion

**{¶32}** For the foregoing reasons, we overrule Barefield's sole assignment of error.

**{¶33}** Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.

- 11 -