[Cite as *State v. Zampini-Solarek*, 2024-Ohio-1532.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-L-056 |
| Plaintiff, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| KELLY S. ZAMPINI-SOLAREK, | |
| Defendant-Appellee, | Trial Court No. 2015 CR 000847 |
| (MARK PAGE, | |
| Appellant). | |

## O P I N I O N

Decided: April 22, 2024
Judgment: Affirmed

*Michelle M. Fisher*, 1612 East Prospect Road, Ashtabula, OH 44004 (For Defendant-Appellee).

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Appellant).

JOHN J. EKLUND, J.

{¶1}   Appellant, Mark Page, is the victim of assorted theft and financial crimes Appellee, Kelly Zampini-Solarek, committed.  He appeals the trial court's order denying his "Notice of Violation of Probation and Motion to re/impose prison sentence and/or to deliver balloon payment."  For the following reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

{¶2}   Appellant employed Appellee as a bookkeeper for his plumbing business. She was subsequently arrested based on her improper conduct in that role between 2015 and 2016.  The Lake County Court of Common Pleas, after a bench trial, found her guilty of one count of aggravated theft, a third-degree felony in violation of R.C. 2913.02(A)(1), four counts of tampering with records, fourth-degree felonies, in violation of R.C. 2913.42, and one count of misuse of credit cards, a fifth-degree felony, in violation of R.C. 2913.21(B)(2).  On January 19, 2017, the trial court sentenced Appellee to a total of 48 months imprisonment and ordered that she pay Appellant restitution of $204,000.00.

{¶3}   On December 15, 2017, Appellee moved for judicial release.  The court granted her motion on May 10, 2018, and ordered her to serve five years of community control.  As a condition of her community control, the court ordered Appellee to pay Appellant a minimum of $520.00 restitution a month until paid in full, and that she make full restitution at least 60 days before community control expired.  The court's judgment entry stated that failure to pay restitution "may" result in a violation of community control.

{¶4}   On April 17, 2023, Appellant filed a "Notice of Violation of Probation and Motion to re/impose prison sentence and/or to deliver balloon payment."  He asserted that Appellee's community control would expire in May 2023, and that she had only paid $30,170.00 in restitution.  On May 2, 2023, the court held a hearing on Appellant's motion. On May 4, 2023, the court denied the motion.  The trial court released Appellee from community control on May 11, 2023.

{¶5}   Appellant timely appealed on May 23, 2023, and raises one assignment of error:

"The trial court erred and committed an abuse of discretion, in denying the victim's Notice of Violation of Probation and Motion to re/impose prison sentence and/or to deliver balloon payment."

{¶6} As an initial threshold question, we first address Appellee's assertion that Appellant, as a victim, did not have standing to move the trial court to reimpose Appellee's prison sentence or order her to deliver a balloon payment. Appellee specifically argues that "the right to intervene as a party in probation violation or other criminal proceedings is not expressly provided for" in Marsy's Law. Appellant contends that he had standing to move the court as he did, and that even if he did not, the court could have provided the requested relief on its own accord. For the following reasons, we hold that Appellant had standing under Marsy's Law to move the court accordingly.

{¶7} Article I, Section 10a(B) of the Ohio Constitution, as amended by Marsy's Law, provides: "The victim * * * in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition."

{¶8} Article I, Section 10a(A)(7) provides a victim the right "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim."

{¶9} Appellant here, in essence, was asserting rights under Article I, Section 10a(A)(7). First, Appellant "notified" the trial court of Appellee's violating probation by her

3

failure to pay full and timely restitution. He then moved the court to enforce its judgment ordering that full restitution be paid to him before Appellee's community control ended. We do not propose that a victim in every case has standing to move the trial court to enforce probation terms and sanction the defendant for violating community control conditions. However, in this case, Appellant was asserting a right to full and timely restitution, which the trial court had ordered, but had not enforced as provided under the community control terms and conditions.

{¶10} We therefore hold that Appellant had standing to move the trial court to enforce the terms and conditions of Appellee's community control as to paying full and timely restitution.

{¶11} We now proceed to the merits of this appeal.

{¶12} The procedural context in which we consider this case is important to our analysis. The trial court imposed Appellee's obligation to make restitution to Appellant as part of her original sentence under R.C. 2929.18(A). That section permits a court sentencing an offender "to sentence the offender to any financial sanction or combination of financial sanctions authorized under" that section, which includes restitution based on the victim's economic loss. R.C. 2929.18(A) and (B).

{¶13} A court's order of restitution under R.C. 2929.18 is a judgment in favor of the victim. R.C. 2929.18(D). The law provides a civil mechanism to collect it. R.C. 2929.18(D)(2); see also *State v. Fairbank*, 6th Dist. Wood Nos. WD-06-015, WD-06-016, 2006-Ohio-6180, ¶ 11. Appellant has other remedies at law to enforce that judgment if he elects to pursue those options. *Id.*

4

{¶14} After the court sentenced Appellee to prison and ordered her to pay restitution, she moved for judicial release. The trial court granted Appellee's motion for judicial release under R.C. 2929.20(K) and imposed a period of community control with conditions.

{¶15} R.C. 2929.20(K) provides: "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender * * *, shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction."

{¶16} One condition placed upon Appellee as part of her community control following judicial release was to make monthly payments toward the restitution part of her sentence. The trial court did not order that payment schedule as part of Appellee's sentence for her convictions. The court (when granting Appellee's motion for judicial release and imposing a period of community control on her) neither eliminated nor reduced the financial sanction that was part of her original sentence. Nor does the court have authority to alter a defendant's original sentence when granting judicial release. *See State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 15 (holding "[t]he trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense.").

{¶17} So, before us is not a challenge to the trial court's sentence that ordered restitution to Appellant, nor a challenge to its decision to grant Appellee's motion for

Case No. 2023-L-056

judicial release; nor to the terms of judicial release. Rather, Appellant challenges the trial court's judgment refusing to strictly enforce the conditions of judicial release it imposed on May 10, 2018, which allowed Appellee's five-year maximum community control period to end and led to her release from community control before she paid restitution in full.

{¶18} Ohio appellate courts have held that a trial court's decision to revoke community control following judicial release under R.C. 2929.20(K) for failure to comply with its terms is a decision to be reviewed on appeal for an abuse of discretion. *State v. Barefield*, 2023-Ohio-115, 206 N.E.3d 130, ¶ 25 (12th Dist.); *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22; *State v. Woody*, 6th Dist. Ottawa No. OT-21-007, 2021-Ohio-3861, ¶ 18; *State v. Sanchez*, 2021-Ohio-1593, 170 N.E.3d 958, ¶ 16 (8th Dist.).

{¶19} The Twelfth District Court of Appeals reasoned in *State v. Barefield, supra*:

> * * * [A]n abuse-of-discretion standard applies to a trial court's decision under R.C. 2929.20(K) to revoke community control and reimpose a prison sentence. We reach this conclusion based on the text of R.C. 2953.08(G)(2) and R.C. 2929.20(K). First, as mentioned above, R.C. 2953.08(G)(2) refers to appellate review of R.C. 2929.20(I), which concerns judicial release findings, but does not refer to R.C. 2929.20(K), which concerns revocation of community control after judicial release. Second, the text of R.C. 2929.20(K) states that when a trial court grants judicial release, the court "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." By stating that a court shall reserve "the right" to impose the original, pre-judicial release prison sentence, the statute suggests that the trial court has the option of reimposing that prison sentence. This conclusion is bolstered by the next sentence in the statute, which states that in reimposing a pre-judicial release prison term a court "*may*" reimpose that sentence either concurrently with or consecutive to "any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." (Emphasis added.) *Id.* There are therefore two bases in the statutory text for concluding that a trial court has discretion

6

under R.C. 2929.20(K) to revoke community control and reimpose the original, pre-judicial release prison sentence when an offender violates community control after judicial release. When a statute confers discretion on a trial court, we review the trial court's decision for an abuse of discretion. *See Dill v. Dill*, 3d Dist. Logan, 179 Ohio App.3d 14, 2008-Ohio-5310, 900 N.E.2d 654, ¶ 10 (noting that court findings pursuant to discretionary-not mandatory-language in a statute, are reviewed under an abuse-of-discretion standard). So too here.

{¶20} We hold that, by the same reasoning, a trial court's decision to revoke *or not revoke* community control, or otherwise sanction *or not sanction* an offender for not complying with the terms of community control while on judicial release is also subject to review under an abuse of discretion standard.

{¶21} Abuse of discretion is a term of art. It connotes a court's exercise of judgment that neither comports with reason nor the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of

7

the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶22} Here, the trial court did not abuse its discretion when it denied Appellant's motion to reimpose Appellee's prison sentence or order her to deliver a balloon payment. First, the trial court was not required to do so. R.C. 2929.20(K) is discretionary. It provides that in granting judicial release, the court "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction;" it does *not require* the trial court to sanction an offender who violates community control. The trial court held, in its discretion, that it would neither reimpose Appellee's prison sentence nor strictly enforce the terms of her community control.

{¶23} Was that an abuse of discretion? Reimposing Appellee's sentence would have merely put her in prison and neither increased nor expedited restitution; it would have left the total amount owed unchanged and with no schedule for its payment. Appellant has always had, and still has, his civil remedy to collect his restitution. The trial court's decision reflects sound, reasonable, and legal decision-making.

{¶24} In short, Appellant is no worse off than he was when Appellee was sentenced. Appellee is still legally obligated to pay him restitution. The trial court's denying his motion did not modify the original sentence ordering restitution. Appellee's obligation to pay restitution (that the trial court originally ordered as part of her sentence) did not expire when her community control ended. "While community-control sanctions end after five years, R.C. 2929.15(A)(1), the obligation to pay restitution does not expire due to the passage of time. See R.C. 2929.18." *State v. Aguirre*, 144 Ohio St. 3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 28. And, his civil recourse for enforcing that

8

obligation remains open; the trial court's denying his motion does not foreclose him from bringing a separate action to enforce the court's restitution order.

{¶25} Having found the trial court did not abuse its discretion in denying Appellant's motion, we affirm the judgment of the Lake County Court of Common Pleas.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

9