OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} In cases numbered 10-07-26 and 10-07-27, Defendant-Appellant, Michael B. Jones, appeals the judgments of the Mercer County Court of Common Pleas revoking his judicial release and reimposing his original sentences consecutively to sentences imposed in other counties after his original sentencing. In this consolidated appeal, Jones argues that the trial court erred because it modified his reimposed sentences by making them consecutive to other sentences. Based on the following, we reverse the judgments of the trial court.
 {¶ 3} In late 2002, in case 10-07-26[1], the Mercer County Grand Jury indicted Jones for one count of passing bad checks in violation of R.C. 2913.11(A)(1), a felony of the fifth degree. *Page 3 
 {¶ 4} In 2003, Jones entered a plea of not guilty to passing bad checks. Thereafter, he moved to withdraw his plea of not guilty and entered a plea of guilty. The trial court accepted Jones' guilty plea and convicted him.
 {¶ 5} Thereafter, in case 10-07-27[2], the Mercer County Grand Jury indicted Jones for four counts of passing bad checks in violation of R.C. 2913.11(A)(1), felonies of the fifth degree. Jones entered a plea of guilty to two of the counts of passing bad checks and the State dismissed the remaining counts pursuant to plea negotiations. The trial court accepted Jones' guilty plea and convicted him of two counts of passing bad checks.
 {¶ 6} Thereafter, in case 10-07-26, the trial court sentenced Jones to a ten-month prison term to be served concurrently with the prison sentence imposed in case 10-07-27, but to be served consecutively to an unrelated prison sentence Jones was already serving in Darke County. Additionally, in case 10-07-27, the trial court sentenced Jones to a ten-month prison term on each count to be served concurrently with each other and with the sentence imposed in case 10-07-26, but to be served consecutively to the unrelated prison sentence Jones was already serving in Darke County.
 {¶ 7} In January 2006, Jones began serving his terms of imprisonment in cases 10-07-26 and 10-07-27 and subsequently filed a motion for judicial release *Page 4 
pursuant to R.C. 2929.20. The trial court granted judicial release and imposed community control sanctions on Jones as part of the terms of his judicial release.
 {¶ 8} In April 2007, Jones' probation officer filed a notice that he had violated the terms of his judicial release, stating that Jones failed to give notice before changing his residence.
 {¶ 9} In October 2007, the trial court held a judicial release violation hearing at which Jones admitted that he had violated the terms of his judicial release as alleged in his probation officer's notice. Subsequently, in case 10-07-26, the trial court revoked Jones' judicial release and reimposed the remainder of his original prison term for passing bad checks, to be served concurrently with the sentences reimposed in case 10-07-27, but to be served consecutively to two unrelated sentences Jones was then serving for cases in Darke[3] and Miami Counties. Simultaneously, in case 10-07-27, the trial court revoked Jones' judicial release and reimposed the remainder of his original prison term on each count of passing bad checks, to be served concurrently with each other and with the sentence reimposed in case 10-07-26, but to be served consecutively to the unrelated sentences Jones was then serving for cases in Darke and Miami Counties. In doing so, the trial court stated from the bench:
 * * * When the defendant was originally sentenced in these cases, the crimes for which he has now been sentenced in Miami and *Page 5 Darke Counties, who have issued concurrent sentences and placed him at North Coast, had not yet occurred. Therefore, although, [sic] these sentences were ordered to be concurrent with each other and the court is bound to reimpose those sentences concurrent, the court notes that they were imposed consecutive to a then-being-imposed sentence in Darke County.
 And with that consecutive approach, the court deems under the circumstances, since these crimes were committed many, in fact years before the crimes for which he is now incarcerated, it would be appropriate that these sentences be imposed concurrently with each other of ten months but consecutive to those sentences that he is presently now serving at North Coast.
(October 2007 Sentencing Hearing, p. 5).
 {¶ 10} It is from the October 2007 judgments in cases 10-07-26 and 10-07-27 that Jones appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I ON SENTENCING A DEFENDANT FOR VIOLATION OF COMMUNITY CONTROL SANCTIONS, A TRIAL COURT HAS NO AUTHORITY TO MODIFY THE INITIAL SENTENCE BY MAKING IT CONSECUTIVE TO OTHER SENTENCES IMPOSED AFTER THE INITIAL SENTENCING.
 Assignment of Error No. II A TRIAL COURT HAS NO AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES. *Page 6 
 Assignment of Error No. I {¶ 11} In his first assignment of error, Jones argues that the trial court erred by revoking his judicial release and reimposing his original sentences consecutively with sentences imposed in other counties after his original sentencing. Specifically, Jones contends that, in reimposing the sentences consecutively, the trial court essentially ordered a new sanction and that there is no statutory authority for a trial court to impose an additional sanction or to modify a sanction under these circumstances. We agree that under the circumstances of this case the trial court was without statutory authority to impose a consecutive term.
 {¶ 12} Initially, we wish to note the differences between community control and early judicial release. This Court has previously stated that "`the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term `community control' in reference to the status of an offender when granted early judicial release.'" State v. Alexander, 3d Dist. No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting State v. Mann, 3d Dist. No. 3-03-42, 2004 Ohio 4703, ¶ 6. Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control, Id., citing State v. McConnell (2001), *Page 7 143 Ohio App.3d 219, 224-225, 2001-Ohio-2129, citing State v. Gardner, 3d Dist. No. 14-99-24, 1999-Ohio-938; whereas, when a defendant is granted judicial release under R.C. 2929.20, he "`has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction.'"Alexander, 2008-Ohio-1485, at ¶ 7, quoting Mann, 2004 Ohio 4703, at ¶ 8, citing R.C. 2929.20(I).
 {¶ 13} Because Jones was granted early judicial release, R.C. 2929.20
controls and we will address his argument accordingly.
 {¶ 14} R.C. 2929.20 governs judicial release and provides, in pertinent part:
 If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * *
R.C. 2929.20(I).
 {¶ 15} Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served. State v. Hoy, 3d Dist. Nos. 14-04-13 14-04-14, *Page 8 2005-Ohio-1093, ¶ 21; R.C. 2929.20(I). The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense. Id., citing 2929.20(I); State v. Smith, 3d Dist. No. 14-06-15,2006-Ohio-5972, ¶ 13. See, also, McConnell, 143 Ohio App.3d at 224.
 {¶ 16} Here, the only violation stated in the notice of violation of the terms of judicial release was that Jones failed to give notice before changing his residence. Likewise, the trial court's only finding of a violation was that Jones failed to give notice before changing his residence. Therefore, there was no judicial release violation that constituted a new offense for which the trial court could impose a consecutive sentence.
 {¶ 17} The trial court reimposed Jones' original sentences, but ordered him to serve them consecutively to sentences imposed by Darke and Miami Counties after his original sentencing, even though these other offenses were not cited as violations of the terms of his judicial release. Under R.C. 2929.20, Hoy, and McConnell, the trial court was limited to reimposing Jones' original terms of incarceration with no additional terms and conditions. Thus, the trial court impermissibly modified Jones' sentences by ordering him to serve them *Page 9 
consecutively to prison terms imposed after the original sentencing, but not cited as violations of his judicial release.
 {¶ 18} Additionally, we note that the State contends that the trial court did not err because State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and State v. Aguilar, 3d Dist. No. 4-07-15,2007-Ohio-6017, hold that courts have inherent authority to impose consecutive sentences. Both Foster and Aguilar stand for that proposition; however, both are distinguishable from the facts in this case.
 {¶ 19} In Foster, supra, the Supreme Court of Ohio held parts of the felony sentencing statute that required judicial factfinding before imposition of non-minimum or consecutive sentences to be unconstitutional and severed those parts. Foster,
109 Ohio St.3d at ¶ 100. Accordingly, the Supreme Court "concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. In doing so, the Supreme Court also remarked that "the severance remedy preserves `truth in sentencing,' * * * [b]ecause offenders will continue to be sentenced to a specific prison term, all parties and the victim of the crime will know at the time of sentencing exactly what sanction the court is imposing on the defendant." Foster, 109 Ohio St.3d at ¶ 101. Thus, it is clear that the Supreme Court's holding concerning courts' discretion to impose consecutive prison terms applies to the *Page 10 original sentencing of a defendant and does not encompass the reimposition of a sentence under R.C. 2929.20 after a judicial release violation.
 {¶ 20} In Aguilar, supra, a defendant was convicted of multiple criminal offenses, sentenced to community control, and the trial court reserved the right to impose consecutive terms of imprisonment for the offenses upon violation of community control. Thereafter, the defendant violated his community control and the trial court imposed the consecutive terms of imprisonment. Aguilar is clearly distinguishable from the facts in this case because it concerned community control and not judicial release. Moreover, the trial court in Aguilar originally reserved the right to impose consecutive prison terms on the defendant — thus, the trial court modified nothing.
 {¶ 21} Accordingly, we sustain Jones' first assignment of error.
 Assignment of Error No. II {¶ 22} In his second assignment of error, Jones argues that the trial court erred by imposing consecutive sentences. Specifically, Jones contends that the Ohio Constitution does not confer any power on a common pleas court to impose consecutive sentences. Our disposition of Jones' first assignment of error renders his second assignment of error moot, and we decline to address it. App. R. 12(A)(1)(c). *Page 11 
 {¶ 23} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in his first assignment of error, we reverse the judgments of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgments Reversed and Cause Remanded.
 SHAW, P.J. and PRESTON, J., concur.
[1] We note that case 10-07-26 corresponds to Mercer County Court of Common Pleas case 02-CRM-136.
[2] We note that case 10-07-27 corresponds to Mercer County Court of Common Pleas case 93-CRM-048.
[3] We note that this Darke County sentence is unrelated to the Darke County sentence Jones was serving at the time of his initial sentencing. *Page 1