[Cite as *State v. Salter*, 2014-Ohio-5524.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 14AP-211 |
| v. | : | (C.P.C. No. 09CR02-882) |
| Tracy J. Salter, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on December 16, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas revoking defendant-appellee, Tracy J. Salter's judicial release and returning him to prison for a term of three years. Because the trial court erred by imposing that prison term, we reverse and remand the matter for resentencing.

## I. Factual and Procedural Background

{¶ 2} On May 11, 2010, after Salter entered a guilty plea to one count of failure to comply with an officer's signal or order, a felony of the third degree, the trial court sentenced him to a prison term of four years.

{¶ 3}   On September 15, 2011, the trial court granted Salter judicial release pursuant to R.C. 2929.20.  In so doing, the trial court placed Salter on community control for a period of four years and advised him that his judicial release would be revoked and he would be returned to prison if he violated any of the community control conditions.

{¶ 4}   On November 8, 2013, Salter's probation officer filed a "Request for Revocation of Probation and Statement of Violation(s)."  The probation officer alleged that Salter had committed multiple violations of the conditions of his community control. As a result of Salter's violations, the trial court revoked his judicial release and ordered him back to prison.  Instead of reimposing Salter's original four-year prison term, the trial court noted that a law passed after Salter's sentencing reduced the maximum sentence for a felony of the third degree to three years.  The trial court felt constrained to apply that new law to Salter's matter and, accordingly, reduced his prison term to three years.

## II. The Appeal

{¶ 5}   The state appeals and assigns the following error:

> The Trial Court erred in reducing Defendant's already-imposed Prison Term upon Revocation of Judicial Release.

### A. The Reimposition of a Prison Term upon the Revocation of Judicial Release

{¶ 6}   In its lone assignment of error, the state contends that the trial court erred when, following the revocation of judicial release, it imposed a sentence less than Salter's original sentence. We agree.

{¶ 7}   The judicial release statute, R.C. 2929.20, states in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

{¶ 8} As this court has previously concluded, a "court can reimpose the original sentence that it suspended when it granted judicial release in the event the offender violates the community control sanction. The statute does not authorize the trial court to increase or reduce the original sentence." *State v. Terry*, 10th Dist. No. 11AP-127, 2011-Ohio-6666, ¶ 12. As we noted in *Terry*, appellate courts have almost uniformly found error when a trial court, after revoking judicial release, imposed a sentence greater or lesser than the original sentence. *Id.* at ¶ 13 (error in reducing original sentence), citing *State v. James*, 5th Dist. No. 2007-CA-0009, 2008-Ohio-103, ¶ 25 (error in reducing original sentence); *State v. Mitchell*, 5th Dist. No. 2007-CA-00046, 2007-Ohio-6343, ¶ 18 (error in reducing original sentence); *State v. Darthard*, 10th Dist. No. 01AP-1291, 2002-Ohio-4292, ¶ 13 (error in increasing original sentence); *State v. Hardy*, 8th Dist. No. 83572, 2004-Ohio-2696, ¶ 6 (error in increasing original sentence); *State v. Jones*, 3d Dist. No. 10-07-26, 2008-Ohio-2117, ¶ 15 (same); *State v. Wiley*, 148 Ohio App.3d 82, 2002-Ohio-460, ¶ 10 (9th Dist.) (error in increasing original sentence).

{¶ 9} Here, the trial court originally imposed a four-year prison sentence. Therefore, upon revocation of his judicial release, the trial court was required to reimpose that sentence. It did not. Instead, the trial court reduced Salter's sentence because the legislature, after Salter's sentencing, changed the sentencing laws to reduce the maximum sentence for felonies of the third degree to three years. Those laws do not apply to Salter's already imposed four-year sentence. R.C. 1.58(B); *State v. Brown*, 2d Dist. No. 2013-CA-13, 2014-Ohio-2301, ¶ 21-24. A trial court is not authorized to modify its original sentence upon revocation of judicial release.

{¶ 10} Upon the revocation of Salter's judicial release, the trial court erred by imposing a sentence different from the four-year sentence it previously imposed. Accordingly, we sustain the state's assignment of error.

## III. Conclusion

{¶ 11} Having sustained the state's assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for resentencing.

*Judgment reversed; cause remanded for resentencing.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____