[Cite as *State v. Collier-Green*, 2023-Ohio-2143.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,            :       APPEAL NO. C-220528
TRIAL NO. B-2006834

     Plaintiff-Appellee,       :

    vs.                       :
                                *O P I N I O N.*
EDDIE COLLIER-GREEN,      :

     Defendant-Appellant.      :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger Kirk*, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Eddie Collier-Green appeals the trial court's judgment revoking his community control and imposing a maximum sentence on the underlying charges. Collier-Green argues that the trial court abused its discretion by imposing the maximum sentence for a technical violation of community control and that the trial court did not fully advise him that it would impose the maximum sentence for a technical violation at his sentencing hearing. We disagree with Collier-Green's arguments and affirm the trial court's judgment.

## I. Facts and Procedure

**{¶2}** Collier-Green and his family, who lived in New York, were visiting Hamilton County, Ohio, in January 2021. During the trip, police approached Collier-Green's car, found an open container of alcohol, searched his car, and found drugs in the car. The state charged Collier-Green with trafficking in drugs, aggravated possession of drugs, and possession of hashish.

**{¶3}** A few months later, Collier-Green and the state entered into a plea agreement whereby he pleaded guilty to the trafficking charge, a fourth-degree felony. The remaining counts were dismissed. The trial court sentenced Collier-Green to two years of community control with intensive supervision. The court informed Collier-Green that if he violated community control, it could incarcerate him in jail for six months, or send him to prison for a year and a half. The court further informed Collier-Green that he would have to serve the full year and a half, and upon release, he could be on postrelease control for three years. The court advised Collier-Green about the penalty for violating or incurring felony charges while on postrelease control.

{¶4} In April 2021, the court placed Collier-Green's community control on an interstate compact. But in early 2022, Collier-Green informed the New York authorities that he was not under their jurisdiction, he was "an internationally protected citizen," and "no longer domiciled in the District of Columbia."

The state charged Collier-Green with violating the terms of his community control

{¶5} In June 2022, the state charged Collier-Green with a community-control violation based on his failure to notify the New York authorities of his current address and for failing to report as ordered.

{¶6} During an October 2022 hearing on the community-control violation, Collier-Green pleaded no contest to the violation. The court realized that Collier-Green was facing charges in Michigan for intimidation and aggravated stalking based on threatening texts that Collier-Green had sent to his wife.

{¶7} Defense counsel explained that Collier-Green was having difficulties with his divorce because his wife caused him to lose his job at Syracuse University, he was living in a storage unit, and his wife had taken their child and moved to Ann Arbor, Michigan. Defense counsel informed the court that the state had recommended probation on the Michigan charges.

{¶8} The trial court considered what punishment to impose, stating that it could not send Collier-Green to prison, but it could "lock him up for six months." The court continued sentencing on the community-control violation until the following week so that it could determine what was going on with the Michigan case and whether Collier-Green had anything further on his record outside of Hamilton County, Ohio.

{¶9} Collier-Green addressed the court, explaining that he was "told in Michigan" that once he was released from Hamilton County, he was to report back to

the court in Ann Arbor as they had him "on an EMU unit to keep [him] out of Michigan."

The trial court learned details about the Michigan charges

{¶10}  The trial court received a report from the Michigan court where Collier-Green had been indicted on felony charges. Defense counsel explained that Collier-Green had been held in jail in Syracuse on the Michigan charges, extradited to Michigan, and had since been incarcerated for 180 days.

{¶11} The trial court imposed the maximum 18-month sentence for the underlying trafficking charge. Then the court read aloud some of the threats that Collier-Green had reportedly sent to his wife. Taking the Michigan report into consideration, the trial court ordered that his sentences for drug trafficking and the Michigan charges be served consecutively. It stated that Collier-Green's criminal history showed that it needed to protect the public.

## II. Law and Analysis

{¶12}  Collier-Green argues in his first assignment of error that the trial court erred by imposing the maximum 18-month sentence versus the six-month sentence that the court could impose for a technical community-control violation. Under R.C. 2953.08(G)(2), this court may modify or vacate a sentence only if we find that the record does not support the mandatory-sentencing findings or that the sentence is otherwise contrary to law. *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9-11 (1st Dist.). A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant

4

within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

A. Collier-Green's violation was nontechnical

**{¶13}** Collier-Green did not deny that he notified the New York probation authorities that "he was no longer under their jurisdiction and that he is an internationally protected citizen, not in their jurisdiction and no longer domiciled in the District of Columbia." But Collier-Green argues that this was a technical violation of his community control and that the trial court erred by imposing the maximum sentence.

**{¶14}** R.C. 2929.15(B)(1)(c) permits a trial court to sentence an offender who violates conditions of community control imposed for felony charges to prison time under R.C. 2929.14. With some exceptions not relevant here, a trial court's sentence for an offender's technical violation of community control imposed for a fourth-degree felony "shall not exceed" 180 days. R.C. 2929.15(B)(1)(c)(ii). The limitations set forth in R.C. 2929.15(B)(1)(c)(ii) apply only to "technical violations."

**{¶15}** But for nontechnical violations, the sentencing court is not limited to a 180-day term. And while the statute does not define "technical," courts have determined that a "technical violation" is a violation of any requirement that merely facilitates community-control supervision, as opposed to "a substantive rehabilitative requirement which addressed a significant factor contributing to" the offender's misconduct. *See State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110 ¶ 33, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17.

{¶16} Collier-Green's violation was nontechnical. The trial court permitted Collier-Green to serve his term of community control in Syracuse, New York, via an interstate compact. Thus, the trial court had maintained jurisdiction over Collier-Green while he was serving his term of community control in New York, and the New York probation authorities likewise exercised jurisdiction over Collier-Green. Yet, he refused to update his address and to report to probation, asserting, without any legitimate authority to do so, that the New York probation authorities lacked jurisdiction over him. Collier-Green told the New York department that he was no longer under its jurisdiction, he was an internationally protected citizen, his records were being amended, and that he was no longer domiciled in the District of Columbia. He provided a false home address. He refused to report to probation. And he picked up new charges in Michigan.

{¶17} Collier-Green's acts went beyond failing to immediately notify probation of a change of address or failing to report. Instead, his acts "established [] that he was unwilling to cooperate with the requirements placed upon him by others in authority," "basically ignor[ed] the whole process," and "the cumulative effect of the violations amount[ed] to a pattern of conduct that demonstrate[d] a failure to comply with the community-control sanction as a whole." *State v. Smith*, 12th Dist. Clermont No. CA2020-08-044, 2021-Ohio-630, ¶ 22, quoting *State v. Martinez*, 1st Dist. Hamilton No. C-180580, 2019-Ohio-3350, ¶ 3, 11.

{¶18} When an offender defies the authority of the court and the probation department or fails to engage in any of the conditions of community control, it is not a technical violation. By stating that he was not subject to the jurisdiction of New York's probation authorities, Collier-Green mocked the authority of the trial court to

6

impose community-control conditions. We overrule Collier-Green's first assignment of error.

      B.  <u>The trial court informed Collier-Green of his potential sentence</u>

{¶19} Collier-Green argues in his second assignment of error that the trial court erred by failing to "inform [him] at his sentencing hearing of the specific term it would impose for a community control violation." This argument is without merit. The trial court advised Collier-Green that it could impose the maximum 18-month prison sentence for a community-control violation during the first sentencing hearing on the drug-trafficking case.

{¶20} But Collier-Green further contends that because the "extra Michigan prison sentence was not stated by the trial court during the sentencing hearing," the trial court failed to advise him that he would also face a consecutive Michigan prison term if he violated community control while under supervision in Ohio.

{¶21} When the trial court sentenced Collier-Green for drug trafficking, the Michigan charges did not yet exist. The court learned about the Michigan charges when Collier-Green pleaded no contest to the community-control violation. The trial court could not have foreseen that these charges would exist before it sentenced Collier-Green to community control. Indeed, the Michigan cases were still pending when the trial court sentenced Collier-Green for his community-control violations. As Collier-Green had not yet been found guilty, the trial court's imposition of consecutive sentences was a nullity. We overrule Collier-Green's second assignment of error.

### III.  Conclusion

{¶22} To be clear, in other circumstances, failing to immediately update the probation department of a change of address or failing to report to probation may

constitute a technical violation of community-control rules. But Collier-Green's acts went far beyond that. Instead, he defied the community-control system as a whole by refusing to be subject to the rules. As such, his violation was nontechnical and not subject to R.C. 2929.15(B)(1)(c)(ii)'s 180-day limitation. Further, the trial court advised Collier-Green that it could impose the maximum sentence if Collier-Green violated community control. Finally, the trial court could not have anticipated that Collier-Green would eventually be charged with felonies in Michigan, which were still pending when the court imposed the reserved maximum sentence. We affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.**, and **KINSLEY, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.