[Cite as *State v. Jose*, 2024-Ohio-881.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JESSE JOSE,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-19


O P I N I O N


Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0248

**Judgment Affirmed**

**Date of Decision:  March 11, 2024**


**APPEARANCES:**

    *Tyler Naud Jechura* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**MILLER, J.**

{¶1} Jesse Jose ("Jose") appeals the April 20, 2023 judgment of the Crawford County Court of Common Pleas terminating his judicial release after finding he violated the terms of his community control supervision.

{¶2} On August 7, 2018, the Crawford County Grand Jury indicted Jose for three fifth-degree felony violations. Count One charged the offense of breaking and entering contrary to R.C. 2911.13(A), Count Two alleged vandalism in contravention of R.C. 2909.05(B), and Count Three charged Jose with possessing criminal tools in contravention of R.C. 2923.24(A). Jose initially entered not guilty pleas to each charge.

{¶3} On September 11, 2018, Jose withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to the vandalism and possession of criminal tools offenses. The breaking and entering charge was dismissed upon request of the State pursuant to the plea agreement. In addition, the parties agreed to the imposition of consecutive 12-month sentences for the two offenses. It further appears the parties agreed that the State would not object to Jose applying to the trial court for judicial release. The trial court accepted Jose's guilty pleas, found him guilty, and sentenced him to 24 months of incarceration, in accordance with the joint-sentencing recommendation of the parties. The sentence

was journalized that same day. Jose did not directly appeal his conviction or sentence.

{¶4} On September 14, 2018, Jose filed a motion for judicial release, which the State did not oppose. After a hearing on October 4, 2018, the trial court granted Jose's motion for judicial release, suspended the remainder of the prison term, and placed him on judicial release with a five-year period of community-control sanctions.

{¶5} From the record, it appears supervision went well for Jose for several years. However, on December 9, 2022, he failed to report to his supervising officer and a warrant was issued for his arrest. He was taken into custody on January 28, 2023 and, on the following Monday, January 30, 2023, the probation department filed a Notice of Violation indicating Jose had committed multiple violations of his supervision. At a hearing that same day, the trial court concluded that there was probable cause to believe Jose violated the terms of his judicial release. The trial court entered a denial on behalf of Jose, established a bond amount and continued the matter for the appointment of counsel. Jose posted a surety bond on February 27, 2023. The trial court proceeded to a final-revocation hearing on April 19, 2023 at which the trial court concluded that Jose violated the terms of his judicial release by using prohibited substances and violating a no-contact order issued by his supervising officer.

{¶6} Jose attempted to convince the trial court that reimposing his sentence and returning him to prison would not serve to address his drug addiction. He stated, "Because prison ain't going to help me. I'm going to get high the whole time I'm in there. I mean, I'm out here getting treatment, trying to do better. Prison's not going to help me at all." (Apr. 19, 2023 Tr. at 29).

{¶7} In spite of his protestations, the court reimposed the original 24-month prison sentence. The trial court journalized its findings and sentence the next day.

{¶8} On May 12, 2023, Jose filed his notice of appeal. He assigns only one claim of error in his appeal:

> **The trial court errored [sic] when it sentenced Mr. Jose to a term in prison when the prison term will only exacerbate his drug use.**

{¶9} Jose contends "the sentence imposed is inappropriate under the circumstances" because he "needs to be given the opportunity to continue drug and addiction treatment, not serve a term in prison." (Appellant's Brief at 10). He asks this Court to vacate the sentence and remand the matter for the trial court to impose a sentence with greater emphasis on his need for drug treatment and counseling. Because the trial court was within its discretion to reimpose the original prison sentence, we decline this request.

{¶10} "The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C. 2929.20(K) will not be disturbed absent an abuse of discretion." *State v. Arm*, 3d

Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22. *Accord State v. Barefield*, 12th Dist. Butler No. CA2021-09-117, 2023-Ohio-115, ¶ 25. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} Ohio's judicial release statute, R.C. 2929.20, provides, in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender * * *, shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.

R.C. 2929.20(K). "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 15. "The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.* It is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence. *State v. Salter*, 10th Dist. Franklin No. 14AP-211, 2014-Ohio-5524, ¶ 8. *See also Jones* at ¶ 15.

**{¶12}** Once the trial court determined Jose violated the conditions of his community control supervision, the court only had two options. It could either continue Jose on community control or reimpose the suspended sentence. Despite Jose's argument that reimposing the prison sentence will not adequately address his substance abuse problem, we do not find under the facts and circumstances of this case that the trial court abused its discretion in revoking Jose's judicial release and reimposing the balance of the prison sentence. The record shows the trial court considered Jose's argument and balanced it against reimposing the prison sentence. For instance, the court stated:

> THE COURT: Well, I've got to look at 2929.11 and 2929.12 in this case. I guess I should look at 2929.14 too though. I guess that would be appropriate in this case. I don't think I can do anything differently. I've also looked at 2929.13(E)(2), even though there is an allegation of a positive drug screen.
>
> Here's the problem I'm looking at this, he did fairly well, I've got no problem about that. You did pretty good. And then in March of last year you used crack cocaine, okay. I don't think anybody even brought that to our attention. That was just kind of said, okay, we'll let that one go. And that's fine with that. Then we've got 10-4-22 you test positive for amphetamine, cocaine, THC. All right, they're – they're a decent amount apart, and it looks like, I'm not sure any violation was filed then either. So nothing was filed then, all right. Then there is an allegation that you were involved in a burglary. I don't think you've been charged with it so I'm not going to hold that against you. But you were ordered to not have any contact with [the victim of the alleged burglary offense] and you went ahead and had contact with her anyhow. So you come in front of me and I think, I must have given you a bond in this case. *** You posted your bond. Then you come up to court last week and we test you again and you're positive for cocaine. So, I mean, you know – I mean, I'm somewhat sympathetic to that and I'm trying to give you the benefit of the doubt,

but I've got now two violations that involve drugs. I got another violation that *** you just ignored the order of your probation officer, and now you've been out for a while. And then when you come back to us you test positive for cocaine. I mean, eventually, there's a limit to what we're going to do here, all right.

JESSE JOSE: Yeah, I know.

(Apr. 19, 2023 Tr. at 26-27).

{¶13} While continued community control sanctions may have been an option for the trial court, Jose failed to demonstrate that he would follow the orders of his supervising officer or the conditions of his bond, indicating that he was perhaps not amenable to further community control supervision. *Arm*, 2014-Ohio-3771, at ¶ 26 (despite his arguments suggesting the need for continued drug treatment, the defendant's conduct indicated he was not amenable to community control supervision).

{¶14} The assignment of error is not well taken and is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment Affirmed.*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**