[Cite as *State v. Lister*, 2024-Ohio-2678.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JAMES LISTER,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-23

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JAMES LISTER,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-24

O P I N I O N

Appeals from Crawford County Common Pleas Court
Trial Court No. 21-CR-0328 and 22-CR-0010

**Judgments Affirmed**

**Date of Decision:  July 15, 2024**

APPEARANCES:

    *Autumn D. Adams* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**MILLER, J.**

{**¶1**} Defendant-appellant, James W. Lister ("Lister"), appeals the March 21, 2023 judgments of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{**¶2**} On September 28, 2021, the Crawford County Grand Jury indicted Lister in case number 21-CR-0328 on a single count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony. Shortly thereafter, Lister entered a guilty plea to the count in the indictment. The trial court accepted Lister's guilty plea and found him guilty. The trial court proceeded immediately to sentencing and sentenced Lister to 36 months in prison.

{**¶3**} On January 18, 2022, while serving his prison sentence in case number 21-CR-0328, Lister was indicted in Crawford County Case number 22-CR-0010 on a single count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony.[1] On June 15, 2022, Lister appeared for arraignment and entered a plea of not guilty.

{**¶4**} At a hearing on August 10, 2022, pursuant to a negotiated plea agreement, Lister withdrew his not-guilty plea in case number 22-CR-0010 and entered a guilty plea to the count in the indictment. The trial court accepted Lister's

---

[1] Although Lister was indicted in case number 21-CR-0328 before his indictment in case number 22-CR-0010, the conduct underlying the offense in case number 22-CR-0010 preceded the conduct in case number 21-CR-0328.

plea and found him guilty. The trial court sentenced Lister in case number 22-CR-0010 to five years of community control and reserved a term of 36 months in prison to be served consecutively to case number 21-CR-0328. At that hearing, the trial court also addressed a motion for judicial release that Lister filed on May 20, 2022 in case number 21-CR-0328. The trial court granted the motion for judicial release, suspended the remainder of the prison term, and placed Lister on judicial release with a five-year period of community-control supervision.

{¶5} On December 7, 2022, motions were filed requesting the trial court issue an order requiring Lister to show cause why his judicial release and community control should not be revoked in case numbers 21-CR-0328 and 22-CR-0010, respectively. Specifically, the motions alleged Lister had violated the terms of his judicial release and community control by returning a drug test that showed positive results for the use of amphetamine and methamphetamines. Lister initially entered denials to the allegations.

{¶6} Lister appeared on March 20, 2023 for a final hearing for the alleged violation of his supervision. Lister entered an admission to the allegations set forth in the December 7, 2022 motions. Consequently, the trial court found that Lister had violated the terms of supervision. The trial court proceeded immediately to sentencing. In case number 21-CR-0328, the trial court terminated Lister's community control and reimposed the balance of his 36-month prison sentence. The trial court terminated Lister's community control in case number 22-CR-0010 and

imposed a 12-month prison sentence to be served consecutively to the prison term in case number 22-CR-0010, for an aggregate total of 48 months in prison.

{¶7} On May 25, 2023, Lister filed notices of appeal. He raises a single assignment of error for our review.

## Assignment of Error

**The Trial Court's revocation of Lister's community control for a single failed drug test was against the principles and purposes of sentencing.**

{¶8} In his sole assignment of error, Lister argues that the trial court erred by revoking Lister's community control for a single failed drug screen. For the reasons that follow, we disagree.

{¶9} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶10} "The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C. 2929.20(K) will not be disturbed absent an abuse of discretion." *State v. Arm*, 2014-Ohio-3771, ¶ 22 (3d Dist.). *Accord State v. Barefield*, 2023-Ohio-115, ¶ 25 (12th

-4-

Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} Ohio's judicial release statute, R.C. 2929.20, provides, in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender . . ., shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.

R.C. 2929.20(K). "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Jones*, 2008-Ohio-2117, ¶ 15 (3d Dist.). "The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.* It is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence. *State v. Salter*, 2014-Ohio-5524, ¶ 8 (10th Dist.). *See also Jones* at ¶ 15.

{¶12} Accordingly, once the trial court determined Lister violated the conditions of his community control supervision in case number 21-CR-0328, the court only had two options with respect to that case. It could either continue Lister on community control or reimpose the balance of the original sentence. Here, the trial court chose to reimpose the balance of the original sentence. Furthermore, the 12-month term of incarceration that the trial court imposed in case number 22-CR-0010 was within the statutory range for a felony of the third degree and was less than the term the trial court previously reserved.

{¶13} Nonetheless, Lister argues that the trial court's imposition of the prison sentences constitutes an abuse of discretion. Lister alleges that, because his violations were based upon a single failed drug test, the trial court should have continued him on community control. R.C. 2929.13(E)(2) provides, in pertinent part:

> (2) If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
>
> (a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.

(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

**{¶14}** However, here, it is evident from the record that the trial court considered the purposes and principles of felony sentencing when fashioning Lister's sentences and that his sentences are consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.

**{¶15}** First, prior to imposing the prison terms, the trial court expressly stated that it considered R.C. 2929.11 and 2929.12. (Mar. 20, 2023 Tr. at 17). The judgment entry of sentence in case number 21-CR-0328 also indicated that the trial court considered R.C. 2929.11, 2929.12, and 2929.14. (Case No. 21-CR-0328, Doc. No. 26).

**{¶16}** Additionally, the trial court spoke at length regarding its decision to impose prison terms. The trial court stated, based on its review of his history, that Lister has not responded favorably to sanctions previously imposed for criminal convictions. Moreover, the trial court found Lister's refusal to take responsibility in the instant case troublesome. Specifically, Lister alleged that his positive drug-screen was the result of his nephew surreptitiously tampering with his coffee pot and lacing Lister's coffee with methamphetamine—an explanation that the trial court stated "lack[ed] any credibility whatsoever." (Mar. 20, 2023 Tr. at 17-18). Furthermore, the trial court acknowledged the possibility of alternatives to

incarceration and stated that it would not oppose a request for transitional control. (*Id.* at 23).

**{¶17}** Accordingly, from the record, we do not find that the trial court abused its discretion by sentencing Lister to prison. *See State v. Kegley*, 2016-Ohio-8467, ¶ 14 (3d Dist.). Therefore, Lister's assignment of error is overruled.

**{¶18}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Crawford County Court of Common Pleas.

***Judgments Affirmed***

**WILLAMOWSKI, P.J., AND WALDICK, J.**