[Cite as *State v. Dillard*, 2024-Ohio-5845.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,             : CASE NO. 24CA1

v.                                      :

EMILY DILLARD,                          : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.            :

_____

APPEARANCES:

Christopher Bazeley, Cincinnati, Ohio, for appellant[1].

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:12-9-24
ABELE, J.

{¶1} This is an appeal from a Meigs County Common Pleas Court judgment that revoked community control and reimposed the balance of an original prison sentence. Emily Dillard, defendant below and appellant herein, assigns the following error for review:

    ASSIGNMENT OF ERROR:

    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT
    CHOSE TO IMPOSE THE BALANCE OF DILLARD'S TERM
    OF INCARCERATION FOR A VIOLATION OF HER

---

    [1] Different counsel represented appellant during the trial court proceedings.

JUDICIAL RELEASE."

{¶2} In August 2012, a Meigs County Grand Jury returned an indictment that charged appellant with (1) one count of illegal manufacture of methamphetamine in violation of R.C. 2925.04(A), a first-degree felony, (2) one count of illegal assembly or possession of chemicals for manufacture of methamphetamine in violation of R.C. 2925.041(A), a third-degree felony, and (3) one count of endangering children in violation of R.C. 2919.22, a third-degree felony.  A jury found appellant guilty of all charges.

{¶3} The trial court sentenced appellant to (1) serve a 7-year prison term on Count One (manufacturing methamphetamine), (2) serve a 2-year prison term on Count Two (illegal assembly or possession of chemicals for manufacture of methamphetamine), (3) serve a 3-year prison term on Count Three (endangering children), (4) serve Count Two concurrently to Count Three for a total of 3 years, (5) serve Count Two and Count Three consecutively to Count One for a total aggregate sentence of 10 years, and (6) serve the aggregate 10-year sentence consecutively to a sentence appellant already served in another case.

{¶4} On January 24, 2019, the trial court granted appellant's judicial release motion and sentenced her to serve a five-year community control term.  On August 23, 2022, appellee moved to revoke appellant's community control because appellant failed to

(1) check in via automatic telephone reporting, (2) pay monthly fees, and (3) update her contact information.

{¶5} At the March 1, 2023 revocation hearing, appellant admitted that she violated her community control terms and conditions when she failed to report to her community control officers as ordered. In addition, appellant tested positive for illegal substances on March 1 and March 2. After the March 22, 2023 hearing, the trial court continued appellant's community control with conditions that appellant successfully complete the STAR substance abuse treatment program and Drug Court.

{¶6} On September 7, 2023 and September 20, 2023, appellee again moved to revoke appellant's community control because appellant failed a drug screen and tested positive for THC, methamphetamine, and amphetamine.

{¶7} At the October 25, 2023 revocation hearing, appellant admitted that she violated the terms of her probation and tested positive for illegal substances. In addition, Meigs County Probation Officer Courtney Bullington testified that appellant completed the STAR program as ordered and did contact probation on August 2, 2023. When appellant reported to the probation office on September 1, she also tested positive for amphetamine, methamphetamine, THC, and MDMA.

{¶8} After she returned to jail, appellant secured release on September 13, 2023. Probation required appellant to use a monitoring app on her cell phone, and data showed "a lot of running all hours of the night . . . to various places that we know, as probation officers, to be drug-related residences." Officer Bullington further testified that on September 14, 2023, the day after probation placed the monitoring app on appellant's phone, appellant reported for her first daily drug screen and tested positive for Suboxone, for which appellant possessed a valid prescription. On September 15, 2023, appellant tested positive for THC and Suboxone, and on September 18, 2023 tested positive for methamphetamine, amphetamine, and THC. Bullington stated that probation recommended appellant return to prison because, after she completed the STAR program, she immediately tested positive for illegal substances and violated the terms and conditions of her judicial release.

{¶9} Appellant admitted that she tested positive for methamphetamine and further acknowledged her long-term substance abuse addiction. Appellant testified that she completed STAR as ordered, and sought online counseling to assist her in maintaining her sobriety. Appellant further stated that prison is "a cupcake camp [and] a joke."

{¶10} The trial court stated that it had reviewed the purposes and principles of felony sentencing and appellee's request to reimpose appellant's prison sentence. The court concluded that, because appellant's positive drug screens indicated a return to a drug lifestyle, a prison term is consistent with purposes and principles of sentencing. Consequently, the court (1) reinstated the original prison sentence with credit for time served, which included STAR time, (2) advised appellant that she is subject to up to two years of postrelease control, and (3) ordered appellant to pay costs. This appeal followed.

I.

{¶11} In her sole assignment of error, appellant asserts that the trial court abused its discretion when it imposed the balance of her term of incarceration after she violated the terms of her judicial release. Specifically, appellant contends that the trial court abused its discretion when it reimposed appellant's term of incarceration after she admitted she ingested "several different illegal substances." Appellant argues that she completed the drug treatment program, sought counseling on her own after she completed the program, does not believe that another prison term will assist her to maintain sobriety, and that her relapse that led to the probation violation "was a result of unspecified physical abuse."

{¶12} Appellee, however, contends that according to R.C. 2953.08(G)(2) the standard for review is not abuse of discretion, but rather an appellate court may take any action authorized by the statute if it clearly and convincingly finds either that the record does not support the court's findings or the sentence is otherwise contrary to law.  R.C. 2953.08(G)(2)(a) and (b).  Further, appellee asserts that under either standard appellant's arguments fail.

{¶13} It is well-established that appellate courts review felony sentences pursuant to R.C. 2953.08(G)(2)("The court hearing an appeal under division (A) . . . of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court."); R.C. 2953.08(A)("a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant. . ."); *State v. Marcum*, 2016-Ohio-1002, ¶ 1 (R.C. 2953.08(G)(2) established "the standard of review that appellate courts apply when reviewing felony sentences").

{¶14} R.C. 2953.08(G)(2) applies to an appellate court's review of a trial court's community control sentence imposed for a felony violation.  *Marcum*, *id.; State v. Roberts*, 2019-Ohio-4205, ¶ 5 (12th Dist.).  R.C. 2953.08(G)(2) also applies to a review of a trial court's decision to grant judicial release under R.C. 2929.20.  *See* R.C. 2953.08(B)(3)(authorizing a prosecutor to appeal

"a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree").

**{¶15}** In the case sub judice, we are asked to review a trial court's decision to revoke community control, imposed after judicial release, and reimpose appellant's prison sentence under R.C. 2929.20(K).  Recently, in *State v. Barefield*, 2023-Ohio-115 (12th Dist.), the Twelfth District observed:

> those courts of appeals that have directly addressed this question have held that a trial court's R.C. 2929.20(K) decision is to be reviewed under an abuse-of-discretion standard, not under the R.C. 2953.08(G)(2) standard. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, 2014 WL 4291571, ¶ 22 ("The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C. 2929.20(K) will not be disturbed absent an abuse of discretion"); *State v. Woody*, 6th Dist. Ottawa No. OT-21-007, 2021-Ohio-3861, 2021 WL 5029654, ¶ 18 (noting that it is well-settled that an appellate court reviews the trial court's decision to revoke community control under an abuse-of-discretion standard); *State v. Sanchez*, 8th Dist. Cuyahoga, 2021-Ohio-1593, 170 N.E.3d 958, ¶ 16, quoting *Alexander* at ¶ 22 (" 'A trial court's decision finding a violation of judicial release will not be disturbed on appeal absent an abuse of discretion' ").

*Id.* at ¶ 24.

**{¶16}** In addition to the Third, Sixth, Eighth, and Twelfth Districts cited in *Barefield,* the Fifth and Eleventh Districts recently used the abuse of discretion standard.  *See State v. Forncrook*, 2023-Ohio-1336, ¶ 18 (5th Dist.)(reviewing court will not reverse absent abuse of discretion); *State v. Zampini-Solarek*,

2024-Ohio-1532, ¶ 20 (11th Dist.)(trial court's decision to revoke or not revoke community control while on judicial release is subject to abuse of discretion standard).

{¶17} In *Barefield,* the Third District also noted that rather than the abuse of discretion standard, the Fourth District applied R.C. 2953.08(G)(2) when it reviewed a trial court's R.C. 2929.20(K) revocation and reimposition decision. *See State v. King*, 2020-Ohio-1512, ¶ 7-9, 16 (4th Dist.). In *King,* the trial court placed King on community control after it granted judicial release from prison and we indicated that R.C. 2929.20 governs the terms of his release rather than R.C. 2929.15 (community control statute). We cited *State v. Perry*, 2013-Ohio-4066 (4th Dist.) for the proposition that, when an appellant is not originally sentenced to a term of community control, but instead sentenced to a prison term and then granted judicial release and placed on community control, R.C. 2929.20 governs the revocation of judicial release rather than R.C. 2929.15. *Perry* at ¶ 2. We further noted in *King* that R.C. 2929.20 provides in section (K) that, upon granting judicial release, the court "shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." We concluded that because the judgment that granted judicial release indicated that the trial court properly reserved jurisdiction to sentence King to the balance of his original prison

term, the trial court properly reimposed the reduced sentence. *Id.* at ¶ 16. *But see State v. Jenkins*, 2011-Ohio-6924, ¶ 9 (4th Dist.)(trial court's decision finding violation of judicial release will not be disturbed on appeal absent abuse of discretion.")

{¶18} As the *Barefield* court noted, the Supreme Court of Ohio has not yet addressed the applicable standard of review. However, after our review in the case sub judice we conclude under either standard the result is the same.

{¶19} An abuse of discretion suggests that a trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶20} Ohio's judicial release statute, R.C. 2929.20, provides in pertinent part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender . . . shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.

R.C. 2929.20(K). "[I]f a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Lister,* 2024-Ohio-2678, ¶ 12 (3d Dist.). The trial court may not alter the defendant's original sentence except

to reimpose the sentence consecutively or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *State v.* Jones, 2008-Ohio-2117, ¶ 15 (3d Dist.). Therefore, it is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence. *State v. Salter*, 2014-Ohio-5524, ¶ 8 (10th Dist.); *Jones* at ¶ 15.

{**¶21**} In the case sub judice, after the trial court determined that appellant committed multiple violations of the conditions of her community control supervision, the court could choose to continue her community control or reimpose the balance of the original sentence. *Lister* at ¶ 12. The trial court considered the appropriate factors and decided to reimpose the balance of appellant's original sentence in compliance with the statute. Appellant, however, argues that the trial court's imposition of the prison sentence constitutes an abuse of discretion because she has a substance abuse disorder and reviewing courts may not simply substitute that court's judgment for the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{**¶22**} Although the trial court could have opted to continue appellant's community control sanctions, the court had previously continued appellant's community control in spite of multiple violations and appellant's failure to demonstrate that she would

follow the orders of her supervising officer when she tested positive for illicit drugs and her monitoring app showed that she frequented known drug residences. Consequently, the trial court reasonably concluded that appellant is not amenable to further community control supervision. *See State v. Arm*, 2014-Ohio-3771, ¶ 26 (3d Dist.) (despite defendant's argument that suggested the need for continued drug treatment, trial court had previously given the defendant a second chance and continued community control in the face of violations and conduct that included using illegal drugs and failing to report indicated he "was not amenable to further community control supervision."); *State v. Jose*, 2024-Ohio-881, ¶ 13 (3d Dist.)(when evidence showed defendant had contact with prior drug suppliers and tested positive for illegal substances, court held defendant "failed to demonstrate that he would follow the orders of his supervising officer or the conditions of his bond, indicating that he was perhaps not amenable to further community control.").

**{¶23}** Turning to the R.C. 2953.08(G)(2) standard of review, the statute permits an appellate court to modify or vacate a sentence only if the appellate court finds, by clear and convincing evidence, that the record does not support the trial court's findings under certain statutes - R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I) - or that the

sentence is otherwise contrary to law.  A sentence is not clearly and convincingly contrary to law when a trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Collier-Green*, 2023-Ohio-2143, ¶ 12 (1st Dist.), quoting *State v. Ahlers*, 2016-Ohio-2890, ¶ 8 (12th Dist.); *State v. Bonnette*, 2023-Ohio-4430, ¶ 11 (5th Dist.)

{¶24} In the case sub judice, similar to *Barefield*, appellant does not assert that the trial court (1) failed to consider the principles and purposes of R.C. 2929.11 or the factors listed in R.C. 2929.12, (2) failed to properly impose postrelease control, or (3) failed to impose sentence within the permissible statutory ranges.  *Id.* at ¶ 28.  Further, like *Barefield*, appellant does not challenge any aspect of the trial court's decision that she violated the terms of her judicial release - but rather she argues that the trial court should not have reimposed her original prison sentence.  It appears that appellant contends that she should not return to prison because she suffers from drug addiction.  As we noted above, however, this claim is insufficient to prevent a return to prison.

{¶25} Appellant's argument would also fail under the R.C.

2953.08(G)(2) standard of review. Here, the trial court's decision to revoke appellant's judicial release and reimpose her original sentence is not clearly and convincingly contrary to law. The court considered the appropriate statutory factors, properly imposed postrelease control, and sentenced appellant within the permissible statutory range. The record supports the trial court's decision and appellant fails to set forth sufficient grounds to suggest that on appeal this court should consider modifying or vacating appellant's sentence. *Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶26}** Therefore, after our review we cannot conclude that the trial court erred under either standard of review when it revoked appellant's judicial release and reimposed the original sentence. Accordingly, based on the foregoing reasons, overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                                Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk